**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-CR-352-JFH** |
| **JHAMARCUS POLO RICHARDSON,** | |
| **Defendant.** | |

<u>**OPINION AND ORDER**</u>

Before the Court is an appeal of bail determination and motion to detain ("Motion") filed by the United States of America ("Government").  Dkt. No. 17.  The Government appeals an order entered by Magistrate Judge Susan E. Huntsman [Dkt. No. 16] on November 8, 2023, setting conditions of release for Defendant Jhamarcus Polo Richardson ("Defendant") pending his trial for one count of felon in possession of a firearm and ammunition.  Trial is currently set for January 8, 2024.  Dkt. No. 13.  For the reasons stated, the Motion is GRANTED and the Magistrate Judge's release order is REVOKED.

**BACKGROUND**

Defendant was originally charged by complaint with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Dkt. No. 1.  Defendant was later indicted for the same conduct with one count of felon in possession of a firearm and ammunition.  Dkt. No. 6.

The complaint alleged that Tulsa Police Department Officer Kidd ("Ofc. Kidd") came upon Defendant and another individual near a 1998 Toyota Camry in a high-crime area of Tulsa.  Dkt. No. 1.  According to the complaint, as Defendant exited the Camry, he reached into the vehicle several times, after which the officer heard a loud "thud" like an object being dropped or the glove box being closed.  Ofc. Kidd determined that Defendant's companion had multiple outstanding

arrest warrants, approached the vehicle, and saw an AR-style firearm on the passenger side floorboard near where Defendant had been reaching.  Law enforcement then detained Defendant without incident.  Officers located the keys to the Camry on Defendant's person and found a chamber-loaded Anderson Manufacturing AM-15 Multi Caliber firearm in the Camry with a loaded 60-round magazine and the safety set to "fire" position.  They also located a backpack, two ski masks in colors associated with the 52-RMG blood gang with a gang logo embroidered on them, and two pistol magazines with ammunition in the vehicle.  Defendant's companion is a certified member of the 52-RMG blood gang.

Defendant is 19 years old.  Dkt. No. 5 (sealed).  On March 16, 2022, he was charged with Assault and Battery with a Deadly Weapon in Tulsa County District Court Case No. CF-2022-00963, and on April 5, 2023, he was convicted of that offense.[1]  He received a sentence of four years' imprisonment with all but one year suspended.  The charged conduct in this case occurred while Defendant was under supervision of the Oklahoma Department of Corrections Division of Probation and Parole.  Since the filing of the Government's Motion, an application to revoke his suspended sentence in his state case has been filed and a bench warrant issued in that case.

## AUTHORITY AND ANALYSIS

"If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  18 U.S.C. § 3145(a)(1).  The Tenth Circuit requires this Court to conduct de novo review of a magistrate judge's detention order and make "an independent

---

[1]  The Court takes judicial notice of Oklahoma state court records.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

determination of the proper pretrial detention or conditions for release." *United States v. Cisneros*, 328 F.3d 610, 613, 616 n.1 (10th Cir. 2003). There is no statutory requirement for a hearing, and the district court may make its determination on the briefing alone. *Id.* at 617. The Federal Rules of Evidence do not apply to detention matters. 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3).

Under the Bail Reform Act of 1984, the Court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Specifically, the Government "must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence" for the Court to order detention. *Cisneros*, 328 F.3d at 616 (citations omitted). Section 3142 sets out four factors for the Court to consider: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger that would be posed by the defendant's release. 18 U.S.C. § 3142(g). "[A]pplying and weighing the relative importance of the statutory factors requires an individualized determination that necessarily differs for each defendant depending on the circumstances of the case." *United States v. Bragg*, 2021 WL 6143720, at *2 (10th Cir. Dec. 30, 2021).[2]

Here, the nature and circumstances of the charged offense and risk to the public give the Court serious concern, particularly when evaluated in context of Defendant's history and characteristics. Defendant is only 19 years old but already has a juvenile adjudication for possession of a firearm and an adult conviction for assault with a deadly weapon. The adult

---

[2] Unpublished appellate opinions are not binding precedent but may be cited for their persuasive value. *See* Fed. R. App. P. 32.1.

conviction arose from a gang-related shooting last year where Defendant shot the victim in the back as the victim was walking away.  *See* Dkt. No. 22 at 8:18-25; Dkt. No. 17 at 4.[3]  This case involves Defendant—while on supervision for the gang shooting—allegedly being found in possession of a rifle and 48 rounds of assorted ammunition while associating with a known gang member.  The two allegedly had ski masks with gang colors and gang insignia in the vehicle at the same time as the rifle and ammunition.  This escalating history of violence, particularly gang-related violence, during Defendant's short life so far gives the Court great concern for public safety.  Defendant and his associate allegedly also had masks in the vehicle along with the firearm and ammunition, which is strong circumstantial evidence of a risk that Defendant planned to use the firearm to take action against the public in some way.  The weight of the evidence also weighs in favor of detention.  The Government included photographs of a rifle and a ski mask which it states were found in the vehicle [Dkt. No. 17 at 7-8], and it has filed an expert notice relating to an ATF examination of a firearm and ammunition [Dkt. No. 19].

Defendant asserts that he is "willing and able to abide by the conditions imposed upon him" by the Magistrate Judge and "that said conditions are more than sufficient to assure the safety of the community."  Dkt. No. 25 at 4.  However, this assertion does not outweigh the Court's concern for public safety, particularly as the Court finds persuasive the Government's argument that Defendant "was on juvenile probation *for a month* when he carried out a violent gang-related shooting" and was "under Oklahoma DOC supervision *for less than six months* before [allegedly]

---

[3]  The Court reminds Government counsel that statements in briefs *are not evidence* and should not be relied upon without also providing the Court with supporting exhibits.  *See United States v. Finch*, Case No. 23-CR-148-JFH, Dkt. No. 12 (N.D. Okla. June 26, 2023) (setting supplemental hearing on detention appeal where the Government failed to provide evidentiary support for statements in its brief).  In this instance, because Defendant does not contest the Government's recitation of facts, the Court accepts Government counsel's representations regarding the shooting for purposes of resolving this Motion.

committing a new felony offense involving [a] firearm." Dkt. No. 17 at 12-13 (emphasis in original). The escalating and gang-related nature of Defendant's history and current charges, particularly given the allegations of possession of a rifle and almost 50 rounds of ammunition, are ample reason for the Court to find that there is not a combination of conditions that can reasonably ensure the community's safety.

All factors taken as a whole, the Court finds that the available information shows by clear and convincing evidence that Defendant's release would pose a serious danger to the community and that there are no conditions or combination of conditions that would reasonably assure the safety of the community if Defendant were released.

## CONCLUSION

IT IS THEREFORE ORDERED that the order setting conditions of release [Dkt. No. 16] is REVOKED and the Government's motion for detention [Dkt. No. 17] is GRANTED.

IT IS FURTHER ORDERED that Defendant Jhamarcus Polo Richardson shall be detained pending trial. Defendant is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 30th day of November 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE